UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA ISSIAH SHULER,<br><br>      Plaintiff,<br>  v.<br><br>LISA MANSFIELD, et al.,,<br><br>      Defendants. | Case No. 3:21-cv-05713-MJP-TLF<br><br>ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT |

This matter is before the Court on plaintiff's filing of a civil rights complaint. Plaintiff is proceeding *pro se*. Considering deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before November 12, 2021, plaintiff must either show cause why this case should not be dismissed or file an amended complaint correcting the identified deficiencies.

  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"). Dkt. 3. However, plaintiff might not be able to cure the deficiencies of his proposed complaint and therefore the Court defers ruling on the IFP request until plaintiff has responded to this Order to Show Cause. The Clerk is directed to re-note plaintiff's IFP motion for consideration on November 12, 2021.

BACKGROUND

  Plaintiff initiated this 42 U.S.C. §1983 case on September 27, 2021. Dkt. 1. Plaintiff's complaint alleges Fourth, Fifth and Eighth Amendment claims arising out of

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

his arrest, the seizure of his personal property and his detention in a criminal prosecution for residential burglary and violation of a no-contact order. Dkt. 1-1. Plaintiff also appears to assert Eighth and Fourth Amendment claims for alleged violations of a purported copyright of his name. *Id*. at 12.

Plaintiff names as defendants several Pierce County judges and court commissioners (defendants Mansfield, Foley and Murphy) (the "Judicial Defendants"), prosecuting attorneys for Pierce County and the City of Lakewood (defendants Robnett, Fensterbush, Wuchter and Scovel) (the "Prosecutor Defendants"), Lakewood police officers (defendants Maulen, Northcutt and Conlon) (the "Officer Defendants") and a former domestic partner who is the subject of the no-contact order (defendant Schmidt). *Id*. at 2.

Plaintiff alleges that after a dispute with defendant Schmidt at her residence, she called the Lakewood police and plaintiff was wrongfully arrested by the Officer Defendants. Dkt. 1-1 at 15. Plaintiff contends that, at the time of his arrest, the Officer Defendants also seized his personal property and placed it in the Lakewood police evidence room. *Id*. at 15. Plaintiff alleges that, after his arraignment for violation of a no-contact order and residential burglary, the Judicial Defendants and the Prosecutor Defendants conspired to detain him unlawfully on excessive bail and have denied him speedy trial by virtue of requiring a competency evaluation in advance of trial. *Id*. at 16, 19. Plaintiff requests compensation and the "revo[cation of] each public official license(s)." *Id*. at 10.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

DISCUSSION

The Court must dismiss the complaint of a prisoner "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

A. <u>Younger Abstention</u>

A plaintiff may not challenge the propriety of ongoing state criminal proceedings in a 42 U.S.C. § 1983 lawsuit. Federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a district court abstain from intervening in state proceedings if those proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted).

Here, the heart of plaintiff's claims is a challenge to his criminal prosecution. Plaintiff contends he was falsely arrested, is being improperly prosecuted and is improperly detained. Plaintiff's claims meet each of the *Younger* factors.

First, petitioner identifies himself as a pre-trial detainee and indicates his criminal prosecution is ongoing. Plaintiff's complaint asserts that he is currently detained on bail he contends is excessive, and that he was recently ordered to undergo an examination to determine his competency to stand trial. Dkt. 1-1 at 7–9, 18–19. Thus, his criminal matter is ongoing and his trial has not yet occurred.[1]

As to the second *Younger* element, because plaintiff's underlying matter involves a criminal prosecution, it implicates important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, there is nothing to indicate

---

[1] The Court also takes judicial notice of the docket in plaintiff's criminal matter. Fed. R. Evid. 201(b)(2). The docket in *State v. Shuler*, Pierce County Superior Court Criminal Case No. 21-1-02039-7, confirms that plaintiff's criminal matter remains pending and a trial date has not yet been set. *See* Pierce County Superior Court Criminal Case 21-1-02039-7 (last visited October 6, 2021).

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 4

that plaintiff cannot raise in his criminal case the wrongful arrest, seizure, detention and speedy trial claims he raises here. Fourth, plaintiff raises claims that would effectively invalidate the ongoing state judicial proceeding. As *Younger* abstention applies to plaintiff's claims, plaintiff's complaint fails to state a claim upon which relief can be granted.

B.   Improper Defendants

In addition to being precluded by *Younger*, many of the defendants against whom plaintiff asserts claims are not proper defendants. Specifically, plaintiff fails to state a claim against the Judicial Defendants, the Prosecutor Defendants and defendant Schmidt, who is a private party.

   1.   Judicial Defendants

Section 1983 claims for monetary damages against judges are barred by absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9–12 (1991). "Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts . . .. A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted).

Judges retain their immunity even when accused of acting maliciously or corruptly, *see Mireles*, 502 U.S. at 11, or acting in error, *see Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). Additionally, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, plaintiff's allegations against the Judicial

Defendants arise solely out of judicial acts taken within the jurisdiction of their courts. The Judicial Defendants are therefore absolutely immune from liability.

2. Prosecutor Defendants

Similarly, Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Ashelman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986) (*citing Imbler*, 424 U.S. at 430–31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (*quoting Imbler*, 424 U.S. at 427). Plaintiff's claims against the Prosecutor Defendants arise directly out of their roles as prosecutors and therefore fall squarely within the doctrine of prosecutorial immunity.

3. Private Party

Finally, plaintiff asserts a claim against defendant Robin Schmidt, plaintiff's former domestic partner who is alleged to be the party protected by the no-contact order at issue in plaintiff's underlying criminal matter. Dkt. 1-1 at 14. Plaintiff confirms defendant Schmidt is not a public official. *Id*. at 18.

Generally, private parties do not act under color of state law and they are therefore not liable under § 1983. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir.1991). Here, plaintiff alleges only that defendant Schmidt called the police in order to enforce an existing no-contact order. Dkt. 1-1 at 14. Such conduct does not meet the "under color of state law" requirement. *See West v. Atkins*, 487 U.S. 42, 49 (1988) (defendants act under color of state law when they "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 6

1 law.'") (citation omitted). Plaintiff has therefore failed to state a claim against defendant Schmidt.

C. <u>Copyright Claim</u>

Finally, plaintiff alleges his Fourth and Eighth Amendment rights were violated by defendants' use of his allegedly "copyrighted" name. Dkt. 1-1 at 12. Plaintiff fails to state a claim.

First, plaintiff alleges no facts supporting the existence of any "seizure" of his property under the Fourth Amendment, nor any objective deliberate indifference to a substantial risk of serious harm under the Fourteenth Amendment.[2] In addition, his claim that use of his "copyrighted" name constitutes a seizure of property is frivolous. *See, e.g.*, *Gibson v. Crist*, No. 307CV274/MCR/EMT, 2007 WL 2257522, at *1 (N.D. Fla. Aug. 6, 2007) (claim of copyright infringement for use of plaintiff's name is "clearly frivolous"); *United States v. Orrego*, No. 04 CV 0008 SJ, 2004 WL 1447954, at *2 (E.D.N.Y. June 22, 2004) (claim that prison officials were liable for use of prisoner's "copyrighted" name in the course of their official duties was "fraudulent" and violated the False Claims Act, 31 U.S.C. §§3729, *et seq*.).

CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before**

---

[2] The Fourteenth Amendment, rather than the Eighth Amendment, applies to cruel and unusual punishment claims brought be pretrial detainees. *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015).

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 7

**November 12, 2021**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff is advised that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se Information Sheet*.

Dated this 12th day of October, 2021.

Theresa L. Fricke
United States Magistrate Judge