UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA ISSIAH SHULER,<br><br>               Plaintiff,<br>    v.<br><br>LISA MANSFIELD, et al.,<br><br>               Defendants. | Case No. 3:21-cv-05713-MJP-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for February 11, 2022 |

This matter is before the Court on plaintiff's filing of an amended complaint (Dkts. 7, 8) pursuant to the Court's order that he do so (Dkt. 5). Plaintiff is proceeding *pro se* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. For the reasons discussed below, plaintiff's amended complaint remains fatally deficient, and therefore the undersigned recommends that the Court dismiss this action without prejudice prior to service for failure to state a claim upon which relief may be granted. The Court further recommends that plaintiff's motion to proceed *in forma pauperis* ("IFP") be denied as moot.[1]

---

[1] Because it did not appear from plaintiff's original complaint that he would be able to present a viable claim for relief, the Court deferred consideration of plaintiff's application to proceed *in forma pauperis* ("IFP"). For indigent prisoner plaintiffs, an IFP grant does not relieve the obligation to pay the $350 filing fee; instead, prisoners granted IFP need not prepay the fee, but remain obligated to make partial payments until the fee is satisfied. 28 U.S.C. § 1915(b). The Court deferred deciding plaintiff's IFP application so that, in the event plaintiff could not cure the deficiencies in his complaint, he would not be obligated to continue to make payments toward the $350 filing fee.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff, who is currently confined at Western State Hospital (Dkts. 9, 10), initiated this matter on September 27, 2021, while he was confined at the Pierce County Jail. Dkt. 1-1. The Court screened the complaint and found it deficient. Dkt. 5.

The Court noted that the "heart of the plaintiff's claims is a challenge to his criminal prosecution," because plaintiff contended he was falsely arrested, is being improperly prosecuted and is improperly detained. Dkt. 5 at 4. The Court determined that it was required to abstain from intervening in the state proceedings by *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). *Id*. at 4–5. In addition, plaintiff named improper defendants, including multiple judges and prosecutors for whom immunities apply under Section 1983, and a private party who was not a state actor. *Id*. at 5–6. Finally, the Court noted that a copyright claim based upon an asserted right to plaintiff's name was frivolous. *Id*. at 7. The Court ordered plaintiff to show cause why his complaint should not be dismissed or to file an amended complaint to cure, if possible, the noted deficiencies. *Id*.

Plaintiff filed an amended complaint (Dkt. 8), while he was detained at the Pierce County Jail, together with a document entitled "Legal Notice and Demand" (Dkt. 7). The latter document states it is a "contract in admiralty jurisdiction" and asserts a distinction between plaintiff and an all-capital letter spelling of his name. Dkt 7 at 1. Plaintiff's amended complaint continues to assert that he was wrongfully arrested, is wrongfully held and wrongfully charged in his criminal matter. Dkt. 8 at 4 , 2. Defendant has removed his copyright claim, but added claims against his public defenders. Dkt. 8 at 5.

All of these claims appear to arise out of plaintiff's assertion that the capital-letter version of his name is wrongly charged and held for the conduct of the "flesh and blood"

REPORT AND RECOMMENDATION - 2

version of himself. Dkt. 8 at 2, 4, 5. The amended complaint seeks damages and the revocation of defendants' licenses. Dkt. 8 at 7.

The 18 named defendants include judges (defendants Mansfield, Murphy and Foley ("Judicial Defendants")), county prosecutors, city attorneys and an assistant United States Attorney (defendants Fensterbush, Dickson, Weisman, Robnett, Scovel, Johnson, Wachter and Crineo ("Prosecutor Defendants")), and plaintiff's public defenders (defendants Campbell, Crisp and Avil ("Public Defender Defendants")). In addition, plaintiff names four arresting officers (defendants Maulen, Tenney, Hamilton and Northcutt).

## DISCUSSION

A.  Legal Standard

The Court must dismiss the complaint of a prisoner "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829,

REPORT AND RECOMMENDATION - 3

843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

Moreover, the Court need not grant endless amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may properly be denied for "repeated failure to cure deficiencies by amendments previously allowed"); *Chodos v. West Publ'g. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)); *Ibeabuchi v. Penzone*, 744 F. App'x. 448, 449 (9th Cir. 2018) (no abuse of discretion in denying prisoner plaintiff further leave to amend, because prisoner failed to cure previously identified deficiencies despite the opportunity to do so).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) plaintiff suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step is to identify the specific constitutional or statutory right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

B.   Plaintiff's Amended complaint

Plaintiff's amended complaint does not cure the deficiencies identified in the Court's prior order and fails to state a claim upon which relief can be granted.

REPORT AND RECOMMENDATION - 4

1. <u>Younger Abstention</u>

Plaintiff was previously advised that a plaintiff may not challenge the propriety of ongoing state criminal proceedings in a 42 U.S.C. § 1983 lawsuit. Dkt. 5 at 4–5. Federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *Younger*, 401 U.S. at 45, 46. The *Younger* abstention doctrine requires that a district court abstain from intervening in state proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

Although the claims are difficult to decipher, plaintiff continues to challenge his ongoing criminal proceedings in the amended complaint. Dkt. 8 at 1-7. Each of the *Younger* factors exists here. First, plaintiff identifies himself as a pretrial detainee and argues that the defendants wrongfully arrested and are wrongfully prosecuting him. Dkt. 7 at 3; Dkt. 8.[2] Second, because plaintiff's underlying matter involves a criminal prosecution, it implicates important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, there is nothing to indicate that plaintiff cannot raise in his criminal case the wrongful arrest and prosecution claims he raises

---

[2] The Court also takes judicial notice of the docket in plaintiff's criminal matter. Fed. R. Evid. 201(b)(2). The docket in *State v. Shuler*, Pierce County Superior Court Criminal Case No. 21-1-02039-7, confirms that plaintiff's criminal matter remains pending and a competency hearing has been scheduled for March 2022. *See* [Pierce County Superior Court Criminal Case 21-1-02039-7](#) (last visited January 25, 2021).

REPORT AND RECOMMENDATION - 5

here. Fourth, plaintiff raises claims that would effectively invalidate the ongoing state judicial proceeding. Finally, plaintiff has alleged no facts raising any extraordinary circumstances demonstrating danger of great, immediate and irreparable harm.

*Younger* abstention bars plaintiff's claims, and plaintiff's complaint therefore fails to state a claim upon which relief can be granted.

### 2. Improper Defendants

In addition, despite the Court's explanation that prosecutors and judges are normally given absolute immunity from claims for damages, plaintiff continues to pursue damages claims against four judges and eight prosecutors for their roles in his criminal proceedings. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (prosecutorial immunity). A prosecuting attorney is entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983 regarding acts or omissions that fall within the quasi-judicial role that is part of the traditional charging and prosecution function. *Imbler v. Pachtman*, 424 U.S. 409, 427-430 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). Prosecutorial immunity applies "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Ashelman*, 793 F.2d at 1075 (quoting *Imbler v. Pachtman,* 424 U.S. at 427). A judge loses absolute immunity only when acting "in the clear absence of all jurisdiction or perform[ing] an act that is not judicial in nature." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

Plaintiff has added his appointed counsel as defendants—but they, too, are improper defendants. The United States Supreme Court has held that court-appointed criminal defense attorneys are not state actors, and therefore are not subject to § 1983 liability when they are acting in the capacity of an advocate for their clients. Appointed counsel representing a client "[are] not, by virtue of being an officer of the court, a state actor 'under the color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). Accordingly, Plaintiff fails to state a claim against the Public Defender Defendants.

## CONCLUSION

Because plaintiff already has been granted the opportunity to state a viable constitutional claim by filing an amended complaint – but the amended complaint remains fatally deficient without any indication the deficiencies discussed above can be cured – this action should be dismissed for failure to state a claim under 42 U.S.C. § 1983. The Court further recommends that plaintiff's IFP application be denied as moot. As Plaintiff has failed to state a claim upon which relief can be granted, the Court also recommends that this dismissal count as a strike. *See* 28 U.S.C. § 1915(g).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

1    Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is
2  directed set this matter for consideration on **February 11, 2022**, as noted in the caption.
3    Dated this 26th day of January, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8